526 A.2d 479

Carl D'Amico, Appellant *v.* Board of Supervisors, Township of Alsace, Appellee.

Argued April 20, 1987, before Judges MACPHAIL and BARRY, and Senior Judge KALISH, sitting as a panel of three.

412

*Barry W. Sawtelle,* with him, *Stephen B. Lieberman, Lieberman* & *Rothstein, P.C.,* for appellant.

*Eugene C. LaManna, Austin, Boland, Connor* & *Giorgi,* for appellee.

OPINION BY JUDGE MACPHAIL, June 4, 1987:

Carl D'Amico (Appellant) has appealed from an order of the Court of Common Pleas of Berks County which affirmed the denial of his sewage permit application by the Board of Supervisors of Alsace Township (Board).

On August 7, 1984, Appellant filed an application for an individual sewage disposal system for a residence in Alsace Township. The application was denied by the Township's Sewage Enforcement Officer (SEO) on August 16, 1984, based on the recommendations of a professional engineer retained by the Township. Appellant subsequently requested a hearing before the Board pursuant to the Local Agency Law, 2 Pa. C. S. §§551-55 and 751-54. Following the hearing which was held on October 10, 1984, the Board affirmed the denial of the sewage permit based on the following reasons:

A. Applicant, Carl D'Amico, did not file topographical survey as requested. . . .

B. Applicant, Carl D'Amico, did not conduct second probe test as required.

C. Applicant, Carl D'Amico, did not conduct soil survey as requested by the Sewage Enforcement Officer.

D. Applicant, Carl D'Amico, failed to submit revised plan showing change in system to be installed.

Board Adjudication, Fact Finding No. 7. The Board's decision was affirmed on appeal to the court of common pleas, and the instant appeal followed.

As his first argument, Appellant contends that his application is entitled to a "deemed" approval due to the failure of the SEO to act on the application in a timely manner under Section 7(b)(2) of the Pennsylvania Sewage Facilities Act (Act), Act of January 24, 1966, P. L. (1965) 1535, *as amended,* 35 P.S. §750.7(b)(2) which provides as follows:

Permits shall be issued or denied within seven days after receiving an application for permit except that, in case the local agency in accordance with the provisions of section 8 of this act, finds the data submitted by an applicant is incomplete, or the local agency is unable to verify the information submitted, the local agency shall so notify the applicant within seven days after receiving said application and the time for acting thereon shall be extended fifteen days beyond the date of receipt of adequate supplementary or amendatory data. Denial of permit shall be supported by a statement in writing of the reasons for such action.

It is undisputed that Appellant's application was denied nine days after it was filed and, thus, was two days late under Section 7(b)(2) of the Act.

While Appellant concedes that the Act does not specify a remedy for an untimely decision on a sewage permit application, he contends that deemed approval of the application is appropriate and points to Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC),[1] 53 P.S. §10908(9) for guidance. It is true, of course, that the legislature has specifically provided in the MPC for deemed approval of applications in certain instances as an incentive for expeditious, while considered, decision-making. We have previously recognized, however, that in order for a deemed approval to occur "there must be an express legislative declaration of deemed approval in the statutory . . . provision in order to have such a substantive result produced by procedural tardiness." *Beekhuis v. Zoning Hearing Board of Middletown Township,* 59 Pa. Commonwealth Ct. 307, 316, 429 A.2d 1231, 1236 (1981); *see also Hopewell Township v. Wilson,* 46 Pa. Commonwealth Ct. 425, 406 A.2d 610 (1979). Since the Act does not include a deemed approval provision, this Court cannot supply such a provision through statutory construction.[2] *Hopewell Township.*

Appellant next argues that the additional information sought by the Board and SEO is not authorized by the Act or applicable regulations. Appellant asserts that the requested information is either unnecessary or unreasonable and was apparently requested to hinder Appellant's application. We disagree.

Pertinent Department of Environmental Resources (DER) regulations provide that sewage applications shall contain:

---

[1] *Act of July 31, 1968, P.L. 805, as amended.*

[2] This does not mean that Appellant was without a remedy. Rather, a delay beyond the seven-day time period provided by the Act would form the basis for a mandamus action to compel the SEO to perform his duties. *Crossley Appeal,* 60 Pa. Commonwealth Ct. 351, 432 A.2d 263 (1981); *Hopewell Township.*

Such further information as may be required by the local agency to insure the proposed construction, installation, alteration, or extension complies with the regulations promulgated by the Department.

25 Pa. Code §71.43(b)(2). At the Board hearing, testimony was elicited regarding the need for each item of information which formed the basis for the denial of the application.. We are well satisfied from a review of the testimony that the requests for additional information are, indeed, reasonable. We note in this regard that a permit may only be issued:

When the local agency is satisfied the application is complete and the proposed design meets the requirements of [applicable regulations] . . . and the act *and will adequately protect the public health.* . . .

25 Pa. Code §71.45(a) (emphasis added). In view of this broad responsibility, we think local agencies must be given equally broad discretion in requiring sufficient information to support the grant of a sewage permit. We, accordingly, conclude that the Board and SEO properly sought additional information from Appellant.

Appellant's final argument is that the SEO erred in issuing a final denial of his application without first having afforded Appellant an opportunity to supply the additional information recommended by the township engineer. We agree with this argument and conclude that a remand is, therefore, required.

DER regulations require that permit applications include the information found on a standard DER sewage disposal application form as well as "[s]uch further information as may be required by the local agency. . . ." 25 Pa. Code §71.43(b). When an application is found to be incomplete the regulations require the following procedure:

> When the local agency has found an application incomplete, or is unable to verify the information submitted the applicant shall be notified in writing within seven days and the time for acting thereon shall be extended fifteen days beyond the date of receipt of *adequate supplementary or amendatory data.*

25 Pa. Code §71.44 (emphasis added).

The common pleas court concluded that the procedure regarding incomplete applications only applies to cases where an application is facially incomplete and is inapplicable where, as here, the SEO is requesting *additional* information. We must disagree with this interpretation since we believe it is clear that an application may be *rendered* incomplete when it is not accompanied by any further information required by the SEO under 25 Pa. Code §71.43(b)(2) during the application process. Moreover, the language of 25 Pa. Code §71.44 itself demonstrates that the procedure regarding incomplete applications applies to "supplementary" data which is required by the local agency. In sum, we do not think the Act or its implementing regulations authorizes the denial of a permit on the basis of a lack of *additional* information without first allowing the applicant a reasonable opportunity to supply that information.

Moreover, we do not agree with the Board that Appellant should have supplied the information during the time between the denial of his application and the time of the Board's hearing. Once his application was denied by the SEO, Appellant acted properly in timely filing his appeal under the Local Agency Law. We know of no procedure for reconsideration by the SEO of his decision after an appeal has been taken to the local agency. We also observe that at the Board hearing, Appellant did attempt to present a revised plan which addressed certain of the SEO's concerns regarding his application.

The Board apparently viewed this attempt to be tardy, however, since it found in its adjudication that Appellant had "failed to submit revised plan."

Given the regulatory requirement of written notice of a need for supplementary information, we believe the SEO erred in denying Appellant's application without affording him an opportunity to supply the required data. We, accordingly, will vacate the denial of Appellant's sewage permit application and remand to the trial court, for further remand to the Board, for the purpose of providing Appellant an opportunity to supply the additional information which we have concluded was properly required by the Board.

ORDER

The order of the Court of Common Pleas of Berks County in the above-captioned matter is hereby vacated and remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.