532 A.2d 543

Consumer Investment Fund, a partnership by and between Michael Berardi, Cecil J. Buchanan and Handcrafted Homes, Inc., Appellants *v.* Supervisors of Smithfield Township, Appellee.

Argued September 14, 1987, before Judges MAC-PHAIL and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Marshall E. Anders, Rosenblum & Anders, P.C.,* for appellant.

*Donald G. Scheck,* with him, *Robert G. Williamson, Scanlon, Lewis & Williamson,* for appellee.

OPINION BY SENIOR JUDGE NARICK, October 23, 1987:

Consumer Investment Fund, a partnership by and between Michael Berardi, Cecil J. Buchanan and Handcrafted Homes, Inc. (Appellants) has appealed from a

decision of the Court of Common Pleas of Monroe County which dismissed Appellants' appeal from a decision of the Board of Supervisors (Board) of Smithfield Township (Township) for failure to exhaust administrative remedies. For the reasons discussed herein, we must respectfully reverse.

The relevant procedural history in this matter is as follows. Appellants, who are owners of certain property located in the Township applied to the Township's Sewage Enforcement Officer (SEO) for a permit to install a holding tank on their property. The holding tank permit was denied because appellants were unable to meet regulations of the Department of Environmental Resources (DER) with respect to isolation distances. More specifically, a well on neighboring property is located within one hundred feet of Appellants' proposed holding tank site and this according to the SEO is in violation of DER regulations.[1]

Appellants appealed the SEO's determination to the Board and, after hearing, the Board affirmed the SEO's decision. The Board's decision was appealed to the court of common pleas and that court dismissed the appeal, concluding that Appellants' proper recourse was an appeal to the Environmental Hearing Board (EHB).[2]

Thus, the sole issue presented for our determination is whether Appellants were required to appeal the Board's denial of their holding tank permit to the court of common pleas or to the EHB.

---

[1] Appellants had previously applied for an on-lot sewage system and were denied a permit for the same reason that the holding tank permit was denied.

[2] The court of common pleas initially remanded the case to the Board of Supervisors for the purpose of making a full and complete record. A rehearing was held on April 24, 1986. The Board reaffirmed its initial decision and Appellants appealed this decision to the court of common pleas.

Section 7(a) of the Pennsylvania Sewage Facilities Act (Act), Act of January 24, 1966, P.L. (1965) 1535, *as amended*, 35 P.S. §750.7(a) pertinently provides:

> (a)   No person shall install, construct, or request bid proposals for construction, or alter an individual sewage system or community sewage system or construct, or request bid proposals for construction, or install or occupy any building or structure for which an individual sewage system or community sewage system is to be installed without first obtaining a permit indicating that the site and the plans and specifications of such system are in compliance with the provisions of this act and the standards adopted pursuant to this act. . . .

Section 8(a) of the Act, 35 P.S. §750.8(a) provides in pertinent part

> County or joint county departments of health shall administer section 7 of this act in the area subject to their jurisdiction. In all other areas, Section 7 of this act shall be administered by each municipality unless said municipality has transferred or delegated the administration of section 7 of this act to another local agency . . . Municipalities are hereby encouraged jointly to administer section 7 of this act on a county or joint county level. No local agency shall voluntarily surrender administration of the provisions of this act except to another local agency pursuant to this section. (Footnotes omitted and citations omitted.)

Section 8(b)(1), 35 P.S. §750.8(b)(1) empowers the local agency with the authority "[t]o employ sewage enforcement officers to administer the provisions of Section 7 of this act . . . ".[3]

---

[3] Also see DER regulations as set forth in 25 Pa. Code §71.42 which forbids a local agency from issuing a permit for the installa-

Section 2 of the Act, 35 P.S. §750.2 defines local agency as "a municipality, or any combination thereof acting cooperatively or jointly under the laws of the Commonwealth, county, county department of health or joint county department of health".

Also pertinent to the case at bar are DER regulations set forth in 25 Pa. Code §71.41(a) and §71.43(a). It is provided in 25 Pa. Code §71.41(a) that:

> *The installation of* any treatment tank, subsurface absorption area or *any holding tank constitutes either the installation of an individual or a community sewage system and requires a permit prior to the beginning of the installation of the system or beginning the construction installation or occupancy of any building or buildings for which such a system will be installed.* For purposes of this section the installation of an individual or community sewage system shall include the repair, replacement or enlargement of any treatment tank, subsurface absorption area, or holding tank unless the department determines that a permit is not required in a particular case. (Emphasis added.)

It is also provided in 25 Pa. Code §71.43(a) that "[a]pplication for a permit to install an individual or community sewage system shall be made by the property owner to the local agency prior to the commencement of construction of any such system . . . " .[4]

---

tion of an individual or community sewage system except by and through a sewage enforcement officer.

[4] Also, it is provided in 25 Pa. Code §71.45(c), (d) and (e) that an application for a permit for an individual or community sewage system is required from the department if there are specific provisions made in DER regulations for such a permit; a request has been made for an experimental individual or community sewage system; or if the proposed system will use a method of sewage disposal other than renovation in a subsurface absorption area or retention in a holding tank.

Thus, it is clear that application for a holding tank permit should be made to a SEO. With respect to appeals from a decision of a SEO, the Act provides in Section 16(a) of the Act, 35 P.S. §750.16(a) that:

> Any person aggrieved by an action of a sewage enforcement officer in granting or denying a permit under this act shall have a right within thirty days after receipt of notice of the action *to request a hearing before the local agency.* Revocation of permit shall occur only after notice and opportunity for hearing has been given to the permittee. *Hearings under this subsection and any subsequent appeal shall be conducted pursuant to the act of December, 1968 (P.L. 1133, No. 353), known as the 'Local Agency Law'* . . . (Footnote omitted and emphasis added.)

Section 16(b) of the Act, 35 P.S. §750.16(b) states that an appeal from an order, permit or decision of DER shall be taken to the EHB. Additionally, Section 1921-A of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §510-21 (Supp. 1987-1988) limits the powers of the EHB "to hold hearings and issue adjudications under the provisions of . . . the 'Administrative Agency Law', *on any order, permit, license or decision of the Department of Environmental Resources".* (Footnote omitted and emphasis added.)

Our careful review of the record in this case has revealed no official action by DER. Rather, the denial of Appellant's holding tank permit was solely the action of a local agency—the Board and the SEO. The Local Agency Law provides in 2 Pa. C. S. §752 that "[a]ny person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)". It is pro-

vided in 42 Pa. C. S. §933(a)(2) that jurisdiction of appeals from local government agency action is vested with the court of common pleas.

Thus, the EHB only has authority to review action taken by DER. Jurisdiction of the local agency action involved herein, the denial of the holding tank permit, was vested with the Court of Common Pleas of Monroe County.

Support for our conclusion can be found in two recent cases. In *D'Amico v. Board of Supervisors, Township of Alsace,* 106 Pa. Commonwealth Ct. 411, 526 A.2d 479 (1987) the appellant therein appealed from an order of the Court of Common Pleas of Berks County which affirmed a decision of the board of supervisors of Alsace Township denying appellant's application for an individual sewage disposal system. The board of supervisors had affirmed a decision of the township's sewage enforcement officer. Thus, *D'Amico* involved an appeal from a decision of the sewage enforcement officer, to the Court of Common Pleas with respect to a permit for an individual sewage disposal system. This is the same procedural action which was pursued by Appellants herein regarding their application for a holding tank permit.[5]

Also procedurally similar is *Millstone Enterprises, Inc. v. Department of Environmental Resources,* 101 Pa. Commonwealth Ct. 408, 516 A.2d 814 (1986). In *Millstone,* the township brought an action for injunctive relief in the Court of Common Pleas of Westmoreland County because a landowner had constructed a sanitary sewage holding tank without a permit. The Court of

---

[5] Judge MACPHAIL noted in *D'Amico* that "[o]nce his application was denied by the SEO, Appellant acted properly in timely filing his appeal under the Local Agency Law", *Id.* at 416, 526 A.2d at 481.

Common Pleas of Westmoreland County granted the injunction. The landowner appealed the court's decision, and filed a petition for writ of mandamus against the township and DER. This Court stated in *Millstone* at 419, 516 A.2d at 819 that:

> The Act clearly provides in Section 16, 35 P.S. §750.16, that a permit denial by a municipality is to be appealed under the provisions of the Local Agency Law, 2 Pa. C. S. §§551-555, 751-754. Further, the same section provides that any action taken by DER is to be appealed pursuant to the Administrative Agency Law, 2 Pa. C. S. §§501-508, 701-704.

In the case at bar, there has been no action taken by DER; therefore, the appropriate appeal procedure was under the provisions of the Local Agency Law, 2 Pa. C. S. §§551-555, 751-754. It is long established that when a statutory remedy is provided, the procedure set forth in that statute must be strictly pursued. *See Millstone* at 419, 516 A.2d at 819. *Also see Interstate Traveller Services, Inc. v. Department of Environmental Resources,* 486 Pa. 536, 542, 406 A.2d 1020, 1023 (1979).

Therefore, Appellants' only statutory remedy was an appeal to the court of common pleas, and for this reason we must reverse. However, because the court of common pleas did not address the issue of whether the decision of the Board in denying the permit was proper, we also must remand for the purpose of rendering a decision on that issue.

## ORDER

AND NOW, this 23rd day of October, 1987, the order of the Court of Common Pleas of Monroe County is hereby reversed and remanded.

Jurisdiction relinquished.