IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roger Glahn and
Donna Gorencel,

                                      :
                                      :
                                      :
                    Petitioners       :
                                      :
          v.                          :  No. 1273 C.D. 2021
                                      :  Submitted:  July 29, 2022
Department of Environmental           :
Protection (Environmental Hearing     :
Board),                               :
                                      :
                    Respondent        :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


OPINION BY JUDGE WOJCIK                        FILED:  July 10, 2023


          Roger Glahn and Donna Gorencel (collectively, Petitioners) petition for
review of a final order of the Department of Environmental Protection's
(Department) Environmental Hearing Board (Board), which granted the
Department's motion to dismiss upon determining that Petitioners had not appealed
any "action" of the Department.  The Board noted that Petitioners filed their appeal
before the Department completed its investigation of, and rendered a final
determination on, Petitioners water supply contamination complaint under the Oil
and Gas Act.[1]  The Board concluded it did not have jurisdiction over the
Department's prolonged inaction on reaching a determination on the complaint.

---

[1] 58 Pa. C.S. §§2301-3504.

Petitioners argue that the Board erred by dismissing their complaint on the basis that the Department's inactions did not constitute action subject to appeal. For the reasons that follow, we affirm the order of the Board.[2]

## I. Background

On May 10, 2021, Petitioners filed a notice of appeal seeking *de novo* review of the Department's actions. Certified Record (C.R.) at 4-38.[3] Petitioners alleged that, in July 2020, they filed a complaint with the Department requesting an investigation of possible contamination of their water supply from nearby oil and gas operations in North Branch Township, Wyoming County, operated by Southwestern Production Company, LLC (SWN), Chesapeake Appalachia, LLC (CHK), and Transcontinental Gas Pipe Line Company, LLC c/o Williams Companies (Williams). *Id.* at 6-7, 9. As of May 2021, the Department had not issued a determination regarding the investigation of their complaint within 45 days as required by Section 3218(b) of the Oil and Gas Act, 58 Pa. C.S. §3218(b). *Id.* at 9. Petitioners sought review of the Department's actions, specifically:

> (a) not advising [Petitioners] of the distance between nearby well bores operated by [SWN] and the absence of GPS coordinates in the Department's correspondence, (b) not requiring that [SWN] . . . provide water to

---

[2] We are also presented with the Department's application to strike Petitioners' reply brief on the basis it was untimely filed. By order dated July 21, 2022, this Court directed consideration of the Department's application to strike and Petitioners' answer in response with the merits. Although we do not condone untimely filings, because the content of Petitioners' reply brief had no bearing on our decision, we dismiss the application to strike as moot. *See Montgomery Hospital and Medical Center v. Bureau of Medical Care Availability and Reduction of Error Fund (MCARE Fund)*, 201 A.3d 909, 910 n.1 (Pa. Cmwlth. 2019).

[3] Because the Certified Record was filed electronically and was not paginated, the page numbers referenced in this opinion reflect electronic pagination.

[Petitioners] under the Oil and Gas Act; (c) [not advising] [Petitioners] that [SWN] is presumptively liable under the Oil and Gas Act, [and] (d) not testing for chemicals used by oil and gas operations, including [SWN] and Williams.

*Id.* at 9.

Petitioners attached four exhibits to their notice of appeal: (1) Petitioners' "summary and timeline"; (2) two maps showing the distances between nearby gas wells and Petitioners' spring house; (3) laboratory results of water sampling; and (4) several photographs. C.R. at 12-38. According to the "summary and timeline," the Department visited Petitioners' property and took water samples in July 2020, August 2020, October 2020, December 2020, March 2021, and April 2021. *Id.* at 13-15. Petitioners alleged that the Department only tested for bacteria and not chemicals used in oil and gas operations. *Id.* Petitioners did not attach to their appeal any written action of, or communication from, the Department.

On July 14, 2021, Petitioners filed a motion to amend their notice of appeal and attached a proposed amendment. The proposed amendment included several additional objections and exhibits, including Department correspondence and a June 8, 2021 determination that Petitioners' water supply was presumed to be impacted under Section 3218 of the Oil and Gas Act by the oil and gas activities of SWN. The proposed amendment sought to include SWN, CHK, and Williams as additional parties.

The Board granted in part and denied in part Petitioners' motion to amend. C.R. at 579. Specifically, the Board granted the motion and permitted the amendment to allow Petitioners to add additional objections to the notice of appeal, namely paragraphs 11 through 17. *Id.* However, the Board denied the motion "if and to the extent it [was] intended to serve as an appeal from any Departmental actions that [were] different than those identified in the original notice of appeal,"

3

and to the extent Petitioners attempted to add additional parties. *Id.* The Board did not allow the amended notice of appeal to include the June 8, 2021 determination or other correspondence, which occurred after the notice of appeal was filed.

In response to the amended notice, the Department filed a motion to dismiss on the basis that Petitioners did not appeal an appealable action. C.R. at 580. The Department asserted that the Board lacked jurisdiction over the appeal because Petitioners did not appeal any "action" taken by the Department and instead requested the Board to compel the Department to take action while the Department continued to investigate Petitioners' water supply contamination claim. Petitioners opposed the motion, arguing that the Department has taken several actions that affect their rights, which are subject to the Board's jurisdiction.

On November 12, 2021, the Board issued an opinion and order granting the Department's motion to dismiss and dismissing Petitioners' appeal. The Board found that Petitioners filed their appeal before the Department completed its investigation of, or rendered a final determination on, their water supply contamination complaint under the Oil and Gas Act. Although the Board admonished the Department's delay, the Board concluded that it did not have jurisdiction over the Department's "prolonged inaction on reaching a determination on the complaint." Board Op., 11/12/21, at 1. Petitioners sought reconsideration, which the Board denied. This appeal now follows.[4]

---

[4] Our review is limited to determining whether the Board committed an error of law, whether the Board violated constitutional rights, or whether substantial evidence supports its findings of fact. *Chesapeake Appalachia, L.L.C. v. Department of Environmental Protection*, 89 A.3d 724, 726 n.2 (Pa. Cmwlth. 2014).

4

## II. Issue

Petitioners contend that the Board erred by dismissing their appeal for lack of subject matter jurisdiction. Petitioners argue that the Board misinterpreted the Environmental Hearing Board Act (EHB Act)[5] and the Administrative Agency Law[6] and ignored its own precedent in concluding that the Department's failures and inactions are not appealable actions within the Board's subject matter jurisdiction.

## III. Discussion

The Board's jurisdiction to hear appeals extends only to matters that fall within its statutorily-established subject matter jurisdiction. *Pequea Township v. Herr*, 716 A.2d 678, 686 (Pa. Cmwlth. 1998); *Fiore v. Department of Environmental Resources*, 510 A.2d 880, 882 (Pa. Cmwlth. 1986). The Board has the power and the duty to hold hearings and issue adjudications[7] on the Department's orders, permits, licenses, or decisions and review any "action" taken by the Department in accordance with the Administrative Agency Law. *See* Section 4(a), (c) of the EHB Act, 35 P.S. § 7514(a), (c); *HJC, LLC v. Department of*

---

[5] Act of July 12, 1988, P.L. 530, *as amended*, 35 P.S. §§7511-7516.

[6] Administrative Agency Law, 2 Pa. C.S. §§501-508, 701-704.

[7] An "adjudication" is defined as:

> Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term does not include any order based upon a proceeding before a court or which involves the seizure or forfeiture of property, paroles, pardons or releases from mental institutions.

2 Pa. C.S. §101.

*Environmental Protection*, 949 A.2d 350, 353 (Pa. Cmwlth. 2008); *Pequea Township*, 716 A.2d at 686. The Department "may take an *action . . .* but *no action . . .* adversely affecting a person shall be final as to that person until the person has had the opportunity to *appeal the action to the* [*B*]*oard . . . .*" Section 4(c) of the EHB Act, 35 P.S. §7514(c) (emphasis added). The Board's regulations define "action" as "*an order, decree, decision, determination or ruling* by the Department affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of a person including, but not limited to, a permit, license, approval or certification." 25 Pa. Code §1021.2(a) (emphasis added).

The Board is not statutorily authorized to exercise judicial powers in equity. *See Pequea Township*, 716 A.2d at 686; *Marinari v. Department of Environmental Resources*, 566 A.2d 385, 387 (Pa. Cmwlth. 1989). However, when the Board is reviewing a discretionary act of the Department, the Board may "substitute its discretion for that of the Department and order the relief requested." *Pequea Township*, 716 A.2d at 687.

The question here is whether the Department has taken any "action" subject to the Board's jurisdiction. As we have previously observed, "[t]here is 'no bright line rule' for what constitutes an 'action' of the Department." *Chesapeake Appalachia, L.L.C. v. Department of Environmental Protection*, 89 A.3d 724, 726 (Pa. Cmwlth. 2014) (quoting *HJC, LLC*, 949 A.2d at 353). "[A]lthough it is 'conceivable' that a letter from the Department could constitute an "action," communications from the Department that "do not affect a party's personal or property rights, remedies, or avenues of redress are not appealable actions." *Chesapeake Appalachia*, 89 A.3d at 726 (quoting *Sayreville Seaport Associates Acquisition Co. v. Department of Environmental Protection*, 60 A.3d 867, 872 (Pa.

6

Cmwlth. 2012)) (internal citation omitted).  However, a letter that "merely affirm[s] the status quo" is not a decision from which an appeal may be taken.  *Pickford v. Department of Environmental Protection*, 967 A.2d 414, 420 (Pa. Cmwlth. 2008); *see Chesapeake Appalachia*, 89 A.3d at 726 (holding that a letter delineating already existing obligations did not constitute an "action"); *see also Sayreville*, 60 A.3d at 872 (holding that a letter advising party as to legality of its potential future actions was not an "action"); *Alternate Energy Store, Inc. v. Department of Environmental Resources*, 527 A.2d 1077, 1079 (Pa. Cmwlth. 1987) (holding that a letter advising permit applicant of status of application was not an "action"); *Fiore*, 510 A.2d at 882 (holding that an appeal from a notice of violation did not constitute an act or adjudication within the Board's jurisdiction).

Here, Petitioners did not describe or attach any correspondence, communication, or determination of the Department constituting an action to their notice of appeal.[8]  In the amended notice of appeal, Petitioners consistently challenged the Department's inaction through its failure to advise Petitioners of the distance between well bores, its failure to test for chemicals used in oil and gas operations, its failure to direct SWN to provide water to Petitioners, and its failure to advise Petitioners that SWN was presumptively liable.  *See* Reproduced Record at 7a.  Contrary to Petitioners' claims, such inaction or failure to act is not an "action" subject to the Board's jurisdiction because it is not "an order, decree, decision, determination or ruling by the Department."  25 Pa. Code §1021.2(a); *see Marinari*,

___

[8] Although Petitioners attempted to amend their notice of appeal to include Department correspondence and the June 8, 2021 determination, the Board denied the motion to amend insofar as it intended to serve as an appeal from Departmental actions that were different than those identified in the original notice of appeal and noted that the Department's actions occurred *after* the original notice of appeal was filed.  C.R. at 579.  As the Board aptly noted, the June 8, 2021 determination "cannot retroactively provide jurisdiction for the appeal filed on May 10, 2021." Board Op., at 12.

7

566 A.2d at 388. Furthermore, Petitioners cite no statutory authority, and our review of the Oil and Gas Act reveals no provision requiring the Department to advise the Petitioners of the distance between well bores or test for certain chemicals. *See* Section 3258(a) of the Oil and Gas Act, 58 Pa. C.S. §3258(a) (merely authorizing that "[t]he [D]epartment may make inspections, conduct tests or sampling . . ."). As for the Department's failure to advise Petitioners that SWN was presumptively liable or direct SWN to provide water to Petitioners, such duties arise only *after* the Department makes a determination of pollution or diminution, which leads us to the root of this case -- the Department's failure to timely make such a determination. *See* Section 3218 of the Oil and Gas Act, 58 Pa. C.S. §3218.

Section 3218(b) of the Oil and Gas Act directs the Department to take action by issuing a determination within 45 days of notification of a complaint. 58 Pa. C.S. §3218(b). Specifically, Section 3218(b) provides:

> A landowner or water purveyor suffering pollution or diminution of a water supply as a result of the drilling, alteration or operation of an oil or gas well may so notify the [D]epartment and request that an investigation be conducted. ***Within ten days of notification, the [D]epartment shall investigate the claim and make a determination within 45 days following notification***. If the [D]epartment finds that the pollution or diminution was caused by drilling, alteration or operation activities or if it presumes the well operator responsible for pollution under subsection (c), the [D]epartment shall issue orders to the well operator necessary to assure compliance with subsection (a), including orders requiring temporary replacement of a water supply where it is determined that pollution or diminution may be of limited duration.

*Id*. (emphasis added). Petitioners assert that the Department's failure to issue a decision within this mandatory timeframe amounts to an appealable action. The

8

Department counters that the statutory timeframe is merely directory and the Department's delay does not amount to an appealable action.

"Whether a statute is mandatory or directory 'must be determined by considering legislative intent gleaned from review of the entire statute and from considering the nature and object of the statute and the consequences of the construction of it one way or the other.'" *JPay, Inc. v. Department of Corrections*, 89 A.3d 756, 763 (Pa. Cmwlth. 2014) (quoting *West Penn Power Co. v. Pennsylvania Public Utility Commission*, 521 A.2d 75, 78 (Pa. Cmwlth. 1987)). "Generally, a statute requiring a public official to take action within a specific time[]frame is *directory unless the statute indicates it is mandatory or time is of the essence for the action that the statute requires*." *Id.* (emphasis added); *see, e.g.*, *Shapiro v. State Board of Accountancy*, 856 A.2d 864, 872 (Pa. Cmwlth. 2004); *Schulze v. Bureau of Professional and Occupational Affairs*, 794 A.2d 984, 987-89 (Pa. Cmwlth. 2002); *Snyder v. State Ethics Commission*, 686 A.2d 843, 852 (Pa. Cmwlth. 1996); *Baker v. Department of Public Welfare*, 588 A.2d 1337, 1340 (Pa. Cmwlth. 1991).

In some statutory contexts, the failure of a governing body or agency to render a decision within the specific timeframe allotted may result in a substantive result, such as a deemed approval or deemed denial of an application. *See, e.g.*, Section 508 of the Pennsylvania Municipalities Planning Code[9] (providing that the failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner specified shall be deemed an approval of the application); *Discovery Charter School v. School District of Philadelphia*, 166 A.3d 304, 321 (Pa. 2017) (holding inaction on an initial charter

---

[9] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10508.

9

application within statutory timeframe constitutes a deemed denial appealable to the Charter School Appeal Board).

In *D'Amico v. Board of Supervisors, Township of Alsace*, 526 A.2d 479, 480 (Pa. Cmwlth. 1987), we examined whether the failure of the governing body to issue a decision within the seven-day statutory timeframe set forth in Section 7(b)(2) of the Pennsylvania Sewage Facilities Act[10] constituted a deemed action. There, the township's sewage enforcement officer denied an application for a residential sewage disposal system nine days after it was filed. The applicant argued that his application should be deemed approved. Although the statute directed that a decision granting or denying a sewage permit was to be issued within seven days, it contained no express language regarding deemed approval for failure to act within that timeframe. *See* 35 P.S. §750.7(b)(2). We opined that, "in order for a deemed approval to occur 'there must be an express legislative declaration of deemed approval in the statutory . . . provision in order to have such a substantive result produced by procedural tardiness.'" *D'Amico*, 526 A.2d at 480 (quoting *Beekhuis v. Zoning Hearing Board of Middletown Township*, 429 A.2d 1231, 1236 (Pa. Cmwlth. 1981)). In the absence of such statutory language, we declined to provide "such a provision through statutory construction." *Id.*; *see Gemini Equipment Company v. Board of Commissioners of Susquehanna Township*, 604 A.2d 1233 (Pa. Cmwlth. 1992).

Similarly, here, the Oil and Gas Act does not include any language triggering a substantive result on a complaint based on the failure of the Department to issue a determination within 45 days. Whether this statutory timeframe to act is

---

[10] Act of January 24, 1966, P.L. (1965) 1535, *as amended*, 35 P.S. §750.7(b)(2).

directory or mandatory,[11] the Department's failure to act in the timeframe allotted did not produce an appealable "action" as that term is defined and interpreted. 25 Pa. Code §1021.2(a); *see Marinari*, 566 A.2d at 388 (the Department's inaction on

---

[11] Although this Court is generally reluctant to find a statutory provision mandatory where it requires that a Commonwealth agency issue an adjudication within a specified timeframe, considering the legislative intent for the Oil and Gas Act and consequences of a contrary interpretation, it would appear that the General Assembly intended Section 3218(b)'s timeframe to be mandatory.

The purposes of the Oil and Gas Act include protecting "the safety and property rights of persons residing in areas where mining, exploration, development, storage or production occurs," and "the natural resources, environmental rights and values secured by the Constitution of Pennsylvania." 58 Pa. C.S. §3202. Article I, section 27 of the Declaration of Rights in the Pennsylvania Constitution (Environmental Rights Amendment) provides:

> The people have a right to clean air, pure water, and to the preservation of the natural, scenic, historic and esthetic values of the environment. Pennsylvania's public natural resources are the common property of all the people, including generations yet to come. As trustee of these resources, the Commonwealth shall conserve and maintain them for the benefit of all the people.

Pa. Const. art. I, §27. The Department has duties as trustee under the Environmental Rights Amendment to conserve and maintain our public natural resources, including groundwater. *See Gibraltar Rock, Inc. v. Department of Environmental Protection*, 286 A.3d 713, 719 (Pa. 2022); *Pennsylvania Environmental Defense Foundation v. Commonwealth*, 161 A.3d 911, 939 (Pa. 2017).

By failing to issue a decision within the 45-day period, the Department failed to uphold its statutory and constitutional duties to protect the public and public natural resources from the potential harms from drilling activities. As illustrated in this case, the delay not only impaired Petitioners' right to clean water but hindered their ability to avail themselves of remedies under the Oil and Gas Act, including the ability to receive temporary replacement of a water supply. *See* 58 Pa. C.S. §3218. The Department's delay also has the potential of allowing oil and gas operations to continue polluting underground waters unabated until a decision is issued. Although we are sensitive to the fact that thorough investigations take time, we are equally sensitive, if not more so, to the predicament of Petitioners and the fundamental right to clean water. We believe the Department is certainly capable of making a preliminary determination regarding pollution within the statutory timeframe while continuing an ongoing investigation.

a permit application was not a final appealable action subject to the Board's jurisdiction even though it immediately and directly harmed the petitioners' ability to develop their land). There was no "order, decree, decision, determination or ruling" forming the basis of Petitioners' appeal but merely a failure to act. 25 Pa. Code §1021.2(a). The Board has no jurisdiction over Department inaction.[12] *See* 35 P.S. §7514(a); *Pequea Township*; *HJC, LLC*; *Marinari*.

## IV. Conclusion

Although we share the Board's disapproval of the Department's prolonged inaction, we nevertheless conclude that the Department's failure to render a determination within the timeframe allotted did not constitute an appealable "action" within the Board's jurisdiction.[13]

---

[12] We note the Board's longstanding precedent is consistent with this interpretation. *See Lower Salford Township Authority v. Department of Environmental Protection*, 2011 EHB 333, 335 (2011) (holding the Department's failure to establish Total Maximum Daily Loads did not constitute a final Departmental action within the Board's jurisdiction); *Westvaco Corp. v. Department of Environmental Protection*, 1997 EHB 275, 277 (1997) ("While the denial or issuance of an application for a permit revision is a final appealable action, the Department's inaction on an application is not."); *Royer v. Department of Environmental Resources*, 1992 EHB 611 (1992) (dismissing appeal of Department's failure to take action on appellants' letter requests to lift a moratorium on issuing sewage permits for a certain subdivision on the basis it did not constitute denial or action subject to appeal); *S.A. Kele Associates v. Department of Environmental Resources*, 1991 EHB 854 (1991) (holding that the Department's failure to act upon a private request to revise an official sewage facilities plan did not constitute deemed approval of the request, and, consequently, the failure to act was not an action reviewable by the Board). Although a few older Board decisions extended jurisdiction to include consideration of Departmental inaction, the Board expressly overruled this caselaw in *Westinghouse Electric Corp. v. Department of Environmental Resources*, 1990 EHB 515, 518 (1990), following this Court's opinion in *Marinari*.

[13] The proper recourse to address the Department's prolonged inaction is a mandamus action to compel the Department to issue a determination in accordance with Section 3218(b) of the Oil and Gas Act. *See Marinari*, 566 A.2d at 388*; see also Smoak v. Talaber*, 193 A.3d 1160,
**(Footnote continued on next page…)**

Accordingly, we affirm the Board's order.



MICHAEL H. WOJCIK, Judge

1166 (Pa. Cmwlth. 2018) (holding that the remedy for an agency's failure to timely act is to file a petition for mandamus in this Court's original jurisdiction to require the agency to issue a decision). That said, we note that on June 8, 2021, 11 months after Petitioners filed their complaint, the Department issued a determination of pollution presumption against SWN, thereby removing the basis for a mandamus action under Section 3218(b) of the Oil and Gas Act for failure to issue a timely determination.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roger Glahn and               :
Donna Gorencel,                 :
                                    :
                Petitioners   :
                                    :
            v.                   :   No. 1273 C.D. 2021
                                    :
Department of Environmental     :
Protection (Environmental Hearing   :
Board),                         :
                                    :
                Respondent   :

# **O R D E R**

AND NOW, this 10th day of July, 2023, the order of the Environmental Hearing Board, dated November 12, 2021, is AFFIRMED. Respondent's Application to Strike Petitioners' Reply Brief is DENIED.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roger Glahn and : 
Donna Gorencel, : 
                      Petitioners : 
                       : 
          v. : No. 1273 C.D. 2021
                       : Submitted: July 29, 2022
Department of Environmental : 
Protection (Environmental Hearing : 
Board), : 
                      Respondent :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE STACY WALLACE, Judge

CONCURRING AND DISSENTING OPINION
BY JUDGE WALLACE                          FILED: July 10, 2023

Respectfully, I dissent in part and concur in part.

I concur with the majority's disposition and would also affirm the Environmental Hearing Board's (Board) order on the basis that "the [Department of Environmental Protection's (Department)] failure to render a determination within the timeframe allotted did not constitute an appealable 'action' within the Board's jurisdiction." *Glahn v. Dep't of Env't Prot.*, __ A.3d__, __ (Pa. Cmwlth., No. 1273 C.D. 2021, filed July 10, 2023), slip op. at 12. I dissent to note my disagreement with the majority's conclusion that the 45-day timeframe in Section 3218(b) of the Oil and Gas Act (Act),[1] 58 Pa.C.S. § 3218(b), is mandatory. *Id.* at 10 n.10.

---

[1] 58 Pa.C.S. §§ 2301-3504.

"Whether a statute is mandatory or directory 'must be determined by considering legislative intent gleaned from review of the entire statute and from considering the nature and object of the statute and the consequences of the construction of it one way or another.'" *JPay, Inc. v. Dep't of Corr.*, 89 A.3d 756, 763 (Pa. Cmwlth. 2014) (citation omitted). I agree with the majority's explanation that the specific nature and object of Section 3218(b), in harmony with the Act's declared purpose of protecting the safety of persons residing near oil and gas production, is to protect individual property owners from pollution or diminution of their water supply by oil and gas exploration and development. *See Glahn*, __ A.3d at __, slip. op. at 11 n.10; 58 Pa.C.S. §§ 3202, 3218(b). The majority's interpretation of Section 3218(b)'s 45-day determination timeframe as mandatory, however, frustrates Section 3218(b)'s purpose.

"While both mandatory and directory provisions of the legislature are meant to be followed, the difference between a mandatory and directory provision is the consequence for noncompliance: a failure to strictly adhere to the requirements of a directory statute will not nullify the validity of the action involved." *JPay, Inc.*, 89 A.3d at 763. As a result, when we determine a timeframe in a statute is mandatory, the practical consequence is that an agency is divested of the authority to act beyond the statutory timeframe. *See also Shapiro v. State Bd. of Accountancy*, 856 A.2d 864, 872 (Pa. Cmwlth. 2004) ("While failure to follow a mandatory statute renders the proceedings void, failure to follow a directory one does not.").

The majority's interpretation of Section 3218(b)'s 45-day timeline as mandatory, therefore, means that any action the Department takes after Section 3218(b)'s 45-day timeframe is null and void. In this particular case, the Department determined an oil and gas producer was responsible for polluting Petitioners' water

supply well beyond the 45-day time period. The majority's holding renders that determination null and void. This is inapposite to the legislative intent of Section 3218(b) of the Act.

I share the majority's concerns with the Department's delay. The Act, however, "does not dictate any sanction or consequence" for the Department's failure to issue a determination within 45 days. *See JPay, Inc.*, 89 A.3d at 763. "Moreover, this Court is particularly reluctant to find a statutory provision mandatory where it requires that a Commonwealth agency issue an adjudication within a specified time frame." *Id.* In addition, Petitioners were not without a remedy. When an agency fails to abide by a directory timeframe, a party may file an action in mandamus to compel the agency to take action. *See Appeal of Crossley*, 432 A.2d 263, 264 (Pa. Cmwlth. 1981); *D'Amico v. Bd. of Supervisors, Twp. of Alsace*, 526 A.2d 479, 480 (Pa. Cmwlth. 1987); *Smoak v. Talaber*, 193 A.3d 1160, 1165-66 (Pa. Cmwlth. 2018).

In *D'Amico*, 526 A.2d at 480, a local agency, which was statutorily required to render a decision within seven days, denied a sewage permit application after nine days. We determined the local agency's untimely decision was valid because the statutory timeframe was directory. *Id.* In reaching this conclusion, we noted "[t]his does not mean that [the appellant] was without a remedy. Rather, a delay beyond the seven-day time period provided by the [statute at issue] would form the basis for a mandamus action to compel the [local agency] to perform [its] duties." *Id.*

In *Appeal of Crossley*, 432 A.2d at 264, a zoning hearing board, which was statutorily required to certify its record to the Court of Common Pleas within 20 days of the filing of an appeal, took over 300 days to certify its record. We determined the zoning hearing board's decision was valid despite its untimely certification of

the record because the statutory timeframe was directory. *Id.* at 265. In reaching this conclusion, we noted "[the appellant] was not without remedy. At an earlier stage he could have filed an action in mandamus to compel the Board to certify its record." *Id.* Similarly, in *Smoak*, 193 A.3d at 1165-66, we determined that when the Pennsylvania Parole Board failed to take required action in processing an appeal, the proper remedy was "a petition for mandamus in this Court's original jurisdiction to require the Parole Board to issue its decision, not reversal of an otherwise correct decision after it has been issued."

By concluding that Section 3218(b)'s 45-day timeframe is directory, we would ensure that the Department can hold oil and gas producers accountable when they cause pollution to water sources regardless of when the Department makes its determination. This aligns with the purpose of Section 3218(b), which is to protect property owners from pollution or diminution of their water supply by oil and gas exploration and development. This also aligns with our reluctancy to find statutory provisions mandatory when they require Commonwealth agencies to issue adjudications within a specific timeframe. *See JPay, Inc.*, 89 A.3d at 763. Lastly, interpreting Section 3218(b)'s 45-day timeframe as directory would not negatively impact affected property owners because they can pursue a mandamus action to compel the Department to act anytime the Department takes longer than 45 days to issue a determination. Accordingly, I would hold that Section 3218(b) of the Act's 45-day timeframe is directory.

_____

STACY WALLACE, Judge