Devonshire Realty Corporation, Appellant *v.* Township of Maxatawny, Appellee.

Argued December 2, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Malcolm J. Gross,* with him *Gross & Brown,* for appellant.

*Forrest G. Schaeffer, Jr.,* with him *Edelman, Schaeffer, Saylor, Readlinger & Poore,* for appellee.

OPINION BY JUDGE ROGERS, January 8, 1976:

Devonshire Realty Corporation, a land developer, has appealed from an order of the Court of Common Pleas of Berks County upholding the disapproval by the Supervisors of Maxatawny Township of Devonshire's final plan of subdivision.

There was never an evidentiary hearing and the record consists of Devonshire's Notice of Appeal, the Township's Answer, to both of which are appended numerous exhibits.

The material facts are not in dispute. In August 1972, the appellant submitted a preliminary plan of subdivision. At this time Maxatawny Township had adopted subdivision regulations but there was no zoning ordinance in effect. A zoning ordinance may, however, have been in the process of preparation because notices of public hearings on a proposed zoning ordinance were published during October and November 1972. Although appellant's preliminary plan did not comply with the lot size, and perhaps other provisions of the proposed zoning ordinance, the Supervisors, on March 5, 1973, approved the appellant's preliminary plan, subject to written conditions agreed to by the appellant, those pertinent being:

"1. That the final plan comply with all Township Ordinances and with the pending Zoning Ordinance.

. . . .

"5. That the Final Plan be subject to the Maxatawny Township Zoning Ordinance as it is now pending, and to the decision of the Board of Supervisors made after a public hearing for a conditional use and the Township Supervisors reserve the right to enact such final Zoning Regulations as they may desire, without the developer obtaining any additional rights by virtue of this conditional approval, of the Preliminary Plan.

. . . .

"7. That the developer assume all risk of proceeding with Final Plans at this time, and that the

developer acknowledge that he does so, without having acquired any rights by virtue of this conditional approval of the Preliminary Plan, and that he will change such Final Plan as may be required to comply with the recommendations and reservations contained herein."

The appellant's agreement to the conditions was in the following form:

"I hereby agree to obtain Approval of my Preliminary Plan of Devonshire Park subject to the conditions and reservations set forth in the above and that I will change such Final Plans as he may hereafter submit as may be required to comply with the recommendations and reservations contained in said motion.

DEVONSHIRE REALTY CORP.

JOHN H. VAN KOOTEN, PRES."

Although the record is silent on the subject, an explanation for the appellant's agreement may lie in statements in its brief filed with us that the Township Planning Commission, which had the zoning ordinance under consideration, had, or was about to, recommend lot size requirements different from those proposed and conforming to those appearing on the appellant's preliminary plan. In any event, the Board of Supervisors on June 15, 1973 adopted the zoning ordinance as originally proposed.

The appellant filed its final plan on September 13, 1973, proposing lots of the same size as those in its preliminary plan. The Planning Commission recommended disapproval of the final plan on January 22, 1974 because the lots did not conform to the zoning regulations and for other reasons. The Board of Supervisors at a special meeting held April 13, 1974 and at a regular meeting held May 6, 1974 disapproved the final plan. The appellant appealed both actions of the Supervisors and, as noted, the Court of Common Pleas dismissed its appeals.

The lower court, depending on a dictum in *Friendship Builders, Inc. v. West Brandywine Township,* 1 Pa. Commonwealth Ct. 25, 28, 271 A.2d 511, 513 (1970), held that Section 508 (4) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508 (4), providing that where a preliminary plan has been approved no change or amendment of a zoning ordinance shall adversely affect the developer's right to the approval of a final plan, does not apply in the case of a zoning ordinance enacted for the first time. We disapproved that dictum in *Gable v. Springfield Township Zoning Hearing Board,* 18 Pa. Commonwealth Ct. 381, 335 A.2d 886 (1975). We believe that Section 508 (4) was intended to immunize approved plans from subsequently enacted zoning regulations whether such regulations are the first obtaining in the municipality or changes in previously enacted regulations, and we here so hold.

The lower court further held, however, that there were reasons independent of Section 508 (4) which precluded the relief sought by the appellant. We agree. Section 508 (4), 53 P.S. §10508 (4) further provides that preliminary plans may be approved subject to conditions acceptable to the applicant. The Supervisors of Maxatawny Township approved the appellant's preliminary plan on March 5, 1973, subject to the conditions that the final plan should comply with the then pending zoning ordinance and reserving the Supervisors' right to enact such final zoning regulations as they should desire. The appellant agreed to those conditions and to change the final plan to comply with such zoning regulations as the Supervisors should enact. The appellant by reference to deletions and substitutions of words in the original text of the conditions, seeks to persuade us that the pending zoning ordinance to which it promised to adhere was the proposed ordinance as modified by recommendations of the Planning Commission which would bring the pending

ordinance in conformity with the plan. As we have stated, we find nothing in the record to establish that the Planning Commission in fact made such recommendations. Even if it had, such recommendations could not bind the Supervisors. MPC Section 607, 53 P.S. §10607. It is apparent to us that in its eagerness to obtain preliminary approval, the appellant was willing to agree to the conditions on the chance that the Supervisors would accept the Planning Commission's recommendations, and that it lost the gamble.

We have considered the appellant's assertions of irregularities with respect to the Supervisors' meetings of April 13, 1974 and May 6, 1974, on both of which occasions the appellant's final plan was disapproved. The appellant's arguments are wholly without merit. We should note in this regard that the appellant specifically and in writing requested the Supervisors to delay action on its final plan, which had been filed in September 1973, until May 7, 1974. The meeting of April 13, 1974 was duly advertised and two of the three Supervisors, as well as appellant's counsel, attended. The May 6, 1974 meeting was a regular Supervisors' meeting.

Affirmed.