**PEQUEA TOWNSHIP, Petitioner,**

v.

**E. Marvin HERR; E.M. Herr Farms; Commonwealth of Pennsylvania, Department of Environmental Protection, Respondents.**

**DEPARTMENT OF ENVIRONMENTAL PROTECTION, Petitioner,**

v.

**E. Marvin HERR, E.M. Herr Farms, and Pequea Township, Respondents.**

Commonwealth Court of Pennsylvania.

Argued April 13, 1998.

Decided July 10, 1998.

Eugene E. Dice, Harrisburg, for petitioner.

Mary Martha Truschel, Harrisburg, for respondent, DER.

John J. Gallagher, Harrisburg, for respondent, E. Marvin Herr.

Before DOYLE and KELLEY, JJ., and McCLOSKEY, Senior Judge.

KELLEY, Judge.

Pequea Township (township) and the Department of Environmental Protection (department) appeal from an order of the Environmental Hearing Board (board) issued June 16, 1997 granting the motion for summary judgment filed by E. Marvin Herr and E.M. Herr Farms (collectively Herr) and ordering the department to issue a letter to Herr approving Herr's sewage facilities plan-

ning module as a revision to the township's official sewage facilities plan. We affirm.

This ongoing dispute concerns the use of reserved sewer capacity in the public sewer system in Pequea Township, Lancaster County. The lengthy facts of this case are as follows. Herr proposed to construct an industrial park on approximately 45 acres of land (parcel) located in Pequea Township. When Herr filed a preliminary subdivision plan with the Lancaster County Planning Commission (LCPC) on December 5, 1989, Herr's parcel was zoned "industrial" under the Pennsylvania Municipalities Planning Code (MPC)[1] and was designated to be served by public sewers under the township's 1971 sewage facilities plan. The township's 1971 sewage plan was a countywide plan developed pursuant to the Pennsylvania Sewage Facilities Act (commonly referred to as "Act 537").[2] After several revisions, the LCPC approved Herr's preliminary subdivision plan on October 10, 1990.

About six months earlier, the township undertook a comprehensive revision of its land use plan and sewage facilities plan, in an effort to preserve agricultural land and maintain a rural atmosphere. On August 22, 1990, the township changed the land use plan for Herr's parcel from "industrial" to "agricultural."

On June 3, 1992, the township adopted a new sewage facilities plan. The 1992 sewage plan repealed prior sewage plans and changed the method of sewage for the parcel from public sewers to on-lot disposal systems. On June 22, 1992, the township submitted the 1992 sewage plan to the department for its review and approval under Act 537.

On July 30, 1992, Herr requested the township to adopt a sewage facilities planning module for the proposed industrial park which called for the installation of public sewers.[3] The township rejected Herr's request on September 2, 1992 on the grounds that the proposed planning module was inconsistent with the township's newly adopted sewage plan as the 1992 sewage plan did not contemplate public sewer service. On October 20, 1992, Herr filed a "private request" with the department requesting the department to order the township to incorporate Herr's proposed planning module as part of its official sewage plan.[4] At the time of Herr's request, the department was still reviewing the township's 1992 sewage plan.

On September 28, 1993, LCPC gave conditional final approval to Herr's subdivision plan for the industrial park. Final approval was conditioned upon approval of Herr's sewage facilities planning module. The township took no appeal from LCPC's grant of final approval.

On November 10, 1993, Herr delivered to the department documents representing his final submission in support of his private request. On February 8, 1994, the department granted Herr's private request and issued an order directing the township to adopt Herr's sewage facilities planning module as a revision to its official sewage plan. The department found that since the township's 1992 sewage plan had not yet been approved, the 1971 sewage plan governed. In accordance with the 1971 sewage plan, which identified Herr's parcel as a public sewer service area, the department determined that Herr's proposed planning module was consistent.

Both the township and Herr filed timely appeals with the board. The township's appeal at Docket No. 94–044–E sought review of the department's order, while Herr's appeal at Docket No. 94–054–E challenged the

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202.

2. Act of January 24, 1966, P.L. 1535, *as amended,* 35 P.S. §§ 750.1–750.20a.

3. A municipality revises its sewage facilities plan to address new development by adopting "planning modules." *See* section 5 of Act 537, 35 P.S. § 750.5; 25 Pa.Code §§ 71.51 – 71.55.

4. A landowner may file a private request with the department requesting that the department order the municipality to revise or implement its official plan if the landowner can show that the official plan is not being implemented or is inadequate to meet the landowner's sewage disposal needs. 25 Pa.Code § 71.14. Such a request may only be made after a prior demand and refusal by a municipality to so revise its sewage plan. *Id.*

order's failure to specify a date.[5] The township also sought a supersedeas.

A hearing before the board was conducted on March 16, 1994 on the township's request for supersedeas. At the conclusion of the hearing, the board granted the township's petition for supersedeas and ordered that the department's administrative order be superseded during the pendency of the appeal. In the accompanying opinion filed March 25, 1994, the board found that the township's 1992 sewage plan was "deemed approved" on October 20, 1992[6] under 25 Pa.Code § 71.32(c)[7] due to the department's failure to notify the township of the need for more review time. As a result, the board concluded that the department was without authority to issue an order requiring the township to adopt a planning module inconsistent with the approved 1992 sewage plan as the 1992 plan did not provide for public sewer service.

On April 4, 1994, in response to the board's decision, the department denied Herr's private request and withdrew its administrative order directing the township to approve Herr's sewage facilities planning module as part of its sewage plan. On this same day, the department and township filed a stipulation with the board. The stipulation pertained to the township's appeal pending before the board at Docket No. 94–044–E. In the stipulation, the department agreed to withdraw its administrative order. Both parties agreed that upon the order's withdrawal, the township's appeal would be dismissed as moot. Although Herr had been granted intervenor status in that appeal, he was not a party to the stipulation.

On April 5, 1994, the board issued Herr a rule to show cause why the township's request for supersedeas should not be dismissed as moot. On April, 13, 1994, the board consolidated Herr's appeal at Docket No. 94–054–E with the township's appeal at Docket No. 94–044–E. The consolidated appeals were dismissed by the board as moot by order dated May 27, 1994.

On May 4, 1994, Herr filed two appeals with the board. At Docket No. 94–098–E, Herr appealed the department's withdrawal of its administrative order. At Docket No. 94–099–E, Herr appealed the department's denial of his private request to compel the township to revise its sewage plan to include his planning module. The board granted township intervenor status in Herr's appeals. On July 8, 1994, Herr's appeals were consolidated by the board at Docket No. 94–098–E.

Herr, the department and the township filed pre-hearing memoranda with the board. On September 19, 1994, a joint stipulation entered into by the parties was filed with the board regarding the factual record on which the board was to adjudicate Herr's consolidated appeals. In the stipulation, the parties agreed that the record for the consolidated appeals at Docket No. 94–044–E (dismissed as moot), including the transcript and all exhibits, was to be made part of the record in the consolidated appeals at Docket Nos. 94–098–E. All parties submitted post-hearing briefs with the board.

On March 7, 1995, the board issued an order dismissing Herr's consolidated appeals (Docket Nos. 94–098–E and 94–099–E). The board concluded that where the department learns through the board's issuance of a supersedeas opinion that its interpretation of a regulation is incorrect, the department does not abuse its discretion or act unlawfully when it acts on a request in conformance with that opinion. With regard to the department's withdrawal of the administrative order, the board concluded that it was without jurisdiction to review the department's decision.

Herr timely appealed the board's adjudication to this court at Docket No. 0862 C.D.

---

5. Herr was allowed to intervene in the township's appeal.

6. Coincidentally, this was the same date that Herr filed his private request.

7. This section provides:
   Upon the Department's failure to act on a complete official plan or revision within 120 days of its submission, the official plan or official plan revision will be considered approved, unless the Department informs the municipality prior to the end of 120 days that additional time is necessary to complete its review. The additional time may not exceed 60 days.

1995. In his appeal, Herr claimed that (1) the board erred in concluding that the township's new sewage plan was deemed approved because the department's letter indicating that it needed an additional 60 days to review the plan was not received by the township before the 120–day review period of 25 Pa.Code § 71.32(b) had expired; (2) the board erred in applying the 120–day review period of 25 Pa.Code § 71.32(b) and (c) because § 5(e) of Act 537 permits the department to approve or disapprove plans within a one-year period of time; (3) the board erred in ratifying the undated stipulation between the department and the township as it was contrary to the MPC, an abdication of the department's responsibilities under Act 537, and a violation of Herr's substantive and procedural due process rights; and (4) the board erred in concluding that it lacked jurisdiction to entertain Herr's appeal from the department's withdrawal of its order, because the withdrawal was an exercise of the department's prosecutorial discretion.

This court disposed of the first three issues on procedural grounds.[8] With regard to Herr's jurisdictional claim, we determined that the board erred in concluding that it lacked jurisdiction as the department's withdrawal constituted an appealable adjudication. By memorandum opinion filed May 31, 1996, we reversed the board's decision and remanded the case for further proceedings.

Following remand, the parties disagreed on how the matter should proceed. Acknowledging some uncertainty of the issues on remand, the board issued an order on September 25, 1996 announcing that the issues to be considered on remand were the department's actions of entering into the stipulation with the township and withdrawing the February 8, 1994 administrative order. The board permitted discovery on these issues and set a date of December 2, 1996 for the filing of dispositive motions,

which was subsequently extended to February 10, 1997.

On February 10, 1997, Herr filed with the board a motion for summary judgment along with exhibits, an affidavit and a legal memorandum. The department and the township both answered the motion, complete with exhibits and legal memoranda, on March 14, 1997.

By decision issued June 16, 1997, the board granted Herr's motion for summary judgment and directed the department to issue a letter to Herr approving his sewage facilities planning module as a revision to the township's 1992 sewage plan. In reaching its decision, the board considered whether Herr's property rights were improperly affected by the course of conduct engaged in by the department and the township. Although the board determined that the department did not abuse its discretion in withdrawing the February 8, 1994 administrative order and in entering the stipulation with the township that provided for the withdrawal, the board determined that the department abused its discretion by denying Herr's private request. The board concluded that the department should have granted Herr's private request and issued another order to the township to approve Herr's planning module as a revision to the township's 1992 sewage plan on the basis that the 1992 plan was "inadequate" to meet Herr's sewage disposal need.[9]

The township, joined by the department, filed a petition for reconsideration, which the board denied. The department additionally filed a motion for clarification and an application for stay which were both denied by the board. On July 15, 1997, the township timely filed a petition for review with this court (1912 C.D.1997). On July 30, 1997, the department timely filed a petition for review (2093 C.D.1997) pursuant to Pa.R.A.P. No. 1512(a)(2).[10] The consolidated petitions are

---

8. We determined that Herr waived his first two claims by failing to contest the deemed approval of the 1992 sewage plan before the board. With regard to Herr's third claim, we concluded that we were unable to determine whether the board erred since the board never addressed the stipulation in its decision.

9. The department originally granted Herr's private request on the basis that Herr's planning module was consistent with the township's 1971 sewage plan which called for public sewer service.

10. Rule 1512(a)(2) provides:

now before us.[11]

■ On appeal,[12] the township and the department raise the following issues:

1. Does approval of a development under the MPC confer a "vested right" to approval of a revision to the sewage facilities plan regulated under Act 537?

2. In ruling on a motion for summary judgment after remand from this court, did the board violate the law of the case doctrine when it ruled contrary to its previous decision on an issue that was not before the board on remand and was not reversed by this court in its decision to remand?

3. Does the board have equity power to order the department to take action where the statute creating the board does not bestow such power on the board?

4. Does the department abuse its discretion by conforming its conduct to be consistent with an interpretation of law articulated by the board in a supersedeas opinion and order?

5. Does the department abuse its discretion by failing to issue a second administrative order granting a "private request" when the board has previously informed the department that it lacks legal authority to issue such orders?

6. Did the board abuse its discretion by failing to grant reconsideration when its decision to grant summary judgment rested upon a legal ground not proposed or briefed by any of the parties?

*ISSUE 1*

The township and the department contend that the board erred in concluding that section 508 of the MPC creates a vested right to

If a timely petition for review of such an order is filed by a party, any other party may file a petition for review within 14 days of the date on which the first petition for review was filed.

11. The township filed an application for stay during the pendency of these appeals which we granted by order issued December 5, 1997.

approval of a revision to the township's sewage facilities plan under Act 537. We agree.

■ Section 508(4) of the MPC, 53 P.S. § 10508(4)(i), provides:

[N]o change or amendment of the zoning, subdivision or other governing ordinance or plan shall affect the decision on such application adversely to the applicant and the applicant shall be entitled to a decision in accordance with the provisions of the governing ordinances or plans as they stood at the time the application was duly filed. In addition, when a preliminary application has been duly approved, the applicant shall be entitled to final approval in accordance with the terms of the approved preliminary application as hereinafter provided.

In other words, where an application for approval of a subdivision plan, whether preliminary or final, has been approved, no change of the zoning ordinance shall adversely affect a developer's right to approval of his final plan. *Devonshire Realty Corporation v. Maxatawny Township*, 22 Pa.Cmwlth. 555, 349 A.2d 802 (1976). Section 508, however, only protects approved plans from subsequently enacted ordinances or plans relating to zoning and offers no protection with regard to sewage facilities plans.

■ Here, although Herr's subdivision plan called for public sewers when the township's sewage plan provided public sewers, approval of Herr's subdivision plan under the MPC did not operate to preserve or vest any right to the public sewer service. As a result, the board's ruling that Herr's "vested right to proceed with the development of an industrial park applied also to the public improvements (public sewers) and method of sewage disposal shown on his plans" was erroneous. Nevertheless, we find this error to be harmless.

12. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or any findings of fact are not supported by substantial evidence. *Board of Supervisors of Middle Paxton Township v. Department of Environmental Resources*, 669 A.2d 418 (Pa.Cmwlth.1995).

■ Under Act 537, the department is authorized to grant the private request of a landowner upon a showing that the municipality's official sewage plan is not being implemented or is inadequate to meet the landowner's needs. Section 5(b) of Act 537, 35 P.S. § 750.5(b). The board in its analysis found that Herr had established that the township's 1992 sewage plan was inadequate to meet Herr's sewage disposal needs and that the department abused its discretion in not granting Herr's private request on this basis. This finding is supported by evidence in the record and will not be disturbed on appeal.

*ISSUE 2*

The township and the department contend that the board violated the "law of the case" doctrine by revisiting and reversing, *sua sponte*, its prior decision that the department's denial of Herr's private request was proper. Specifically, the township and the department contend that the denial of Herr's private request was not reversed by this court and was therefore not before the board on remand. We disagree.

■ The term "law of the case" describes the judicial principle that where an appellate court has ruled on a legal question and remanded the matter to the court below for further proceedings, the ruling as set forth by the appellate court is to be followed in all subsequent proceedings in the same action. *Commonwealth v. Impellizzeri*, 443 Pa. Superior Ct. 296, 661 A.2d 422 (1995), *petition for allowance of appeal denied*, 543 Pa. 725, 673 A.2d 332 (1996). The court below may not alter the resolution of a legal question previously decided by the appellate court in the matter. *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326 (1995). The doctrine is designed to promote judicial economy, uniformity of decision making, protect the settled expectations of the parties, maintain the consistency of the litigation and to end the case. *Id.*

■ On remand, the board must proceed in accordance with the order of this court. Pa.R.A.P. 2591. The board has the duty to strictly comply with the appellate court's mandate and proceed in a manner consistent with the views expressed in that court's opinion, and has no power to modify, alter, amend, set aside, or in any measure disturb or depart from the judgment of the reviewing court as to any matter decided on appeal. *Commonwealth v. Tick, Inc.* 431 Pa. 420, 246 A.2d 424 (1968); *Haefele v. Davis*, 380 Pa. 94, 110 A.2d 233 (1955). However, the board is permitted to interpret the appellate court's mandate in such a manner, not inconsistent therewith, as will promote the ends of justice. Thus, the board may consider and decide any matters left open by the appellate court and is free to make any order or direction in further progress of the case which is not inconsistent with the appellate decision.

■ This court established the law of case in the remand opinion issued May 31, 1996. Upon finding that the board's order of March 7, 1995 did not properly consider the circumstances of this case, we reversed the order of the board that dismissed Herr's consolidated appeals and remanded the entire case for proceedings consistent with our opinion. Although our opinion primarily dealt with the board's determination that it lacked jurisdiction over the department's withdrawal, the broad scope of our order left open the issue relating to the department's denial of the private request. We, therefore, conclude that the board did not violate the law of case doctrine by reconsidering this issue.

*ISSUE 3*

The township and the department contend that the board exceeded its authority under the Environmental Hearing Board Act (EHB Act)[13] by "acting in equity" in ordering the department to issue a letter to Herr approving his planning module. We disagree.

In its opinion and order on Herr's motion for summary judgment, the board stated:

We realize that our disposition of these appeals is equitable in nature. We have acted in equity because, we believe, the remand opinions of Commonwealth Court in this case and in *Middle Creek [Bible*

---

**13.** Act of July 13, 1988, P.L. 530, *as amended*, 35 P.S. §§ 7511–7516.

*Conference, Inc. v. Department of Environmental Resources,* 165 Pa.Cmwlth. 203, 645 A.2d 295 (1994) ] required it. Like other courts acting in equity, we have not been bound by some of the technical rules of procedure and principles of law. *See* Pa. R.C.P. Nos. 1501–1550; *Custis v. Serrill,* [303 Pa. 267,] 154 A. 487 (Pa.1931). Reproduced Record (R.) at 267.

■ Any power exercised by an administrative agency must be expressly conferred by statute or given by necessary implication. *Department of Environmental Resources v. Butler County Mushroom Farm,* 499 Pa. 509, 454 A.2d 1 (1982). The board has the power and duty to hold hearings and issue adjudications on the department's orders, permits, licenses or decisions. Section 4(a) of the EHB Act, 35 P.S. § 7514(a). However, the board is not statutorily authorized to exercise judicial powers in equity. *Marinari v. Department of Environmental Resources,* 129 Pa.Cmwlth. 569, 566 A.2d 385 (1989).

The scope of the board's authority in reviewing the actions of the department was outlined by this court in *Warren Sand & Gravel Co., Inc. v. Department of Environmental Resources,* 20 Pa.Cmwlth. 186, 341 A.2d 556 (1975). That case involved the department's issuance of permits for the dredging of sand and gravel along the Upper Allegheny River. The permits contained conditions which limited the days, hours and location in which dredging could occur. Following a hearing, the board found that the department had abused its discretion in imposing the conditions in question. The board reversed the decision of the department and ordered the issuance of permits to the appellants which did not limit the hours during which dredging could occur and which granted the appellants the right to dredge in a specified area for a period of two years.

Both the department and the dredging companies appealed the board's decision to

the Commonwealth Court. In its appeal, the department argued that the board did not have the power to change the permits issued by the department or to extend the area into which dredging could occur. We disagreed with the department and affirmed the decision of the board. Therein, we delineated the extent of the board's power in reviewing actions of the department stating as follows:

> [W]hen an appeal is taken from DER to the Board, the Board is required to conduct a hearing *de novo* in accordance with the provisions of the Administrative Agency Law. In cases such as this, the Board is not an appellate body with a limited scope of review attempting to determine if DER's action can be supported by the evidence received at DER's factfinding hearing. The Board's duty is to determine if DER's action can be sustained or supported by the evidence taken by the Board. If DER acts pursuant to a mandatory provision of a statute or regulation, then the only question before the Board is whether to uphold or vacate DER's action. If, however, DER acts with discretionary authority, then the Board, based upon the record made before it, may substitute its discretion for that of DER.

341 A.2d at 565. Because the department's authority to attach terms and conditions to the permits was discretionary, we determined that the board could properly substitute its discretion for that of the department and, thereby, order the issuance of permits with different terms and conditions than those originally imposed by the department.[14]

■ Likewise in the case presently before us, the department's denial of Herr's private request was an act of its discretion. The board, on remand, determined that the department abused its discretion by denying Herr's private request and by failing to order the township to adopt Herr's planning module on the basis that the township's sewage plan was inadequate to meet Herr's sewage disposal needs. As set forth in *Warren Sand*

---

**14.** Although the sections of the Administrative Agency Law relied upon by the *Warren Sand* court have since been repealed, our examination of the current law reveals that the delineation of the board's power in reviewing actions of the department remains the same as the board still

has the power to conduct hearings *de novo.* Section 4(a) of the Environmental Hearing Board Act, 35 P.S. § 7514(a). *See* 2 Pa.C.S. §§ 501–508 (relating to practice and procedure of Commonwealth Agencies) and 25 Pa.Code §§ 1021.1–1021.151.

*& Gravel,* where the board finds, based on the evidence presented at hearing, that the department has abused its discretion then the board may properly substitute its discretion for that of the department and order the relief requested. This includes the power to modify the department's action and to direct the department in what is the proper action to be taken. So although the board stated that it was "acting in equity," we find this to be harmless error as the board was acting within the scope of its authority in modifying the department's action and directing the department as to the proper action to be taken.

## ISSUE 4

The department contends that the board erred in determining that the department abused its discretion by denying Herr's private request and withdrawing its order to the township to adopt Herr's planning module when such action was consistent with an interpretation of law articulated by the board in a supersedeas opinion and order. We disagree.

Pursuant to section 5(b) of Act 537, a landowner may file a private request with the department requesting that the department order the municipality to revise its official sewage plan where the landowner can show that the municipality's sewage plan is not being implemented *or* is inadequate to meet the landowner's sewage disposal needs. 35 P.S. § 750.5(b). The sewage facility regulations provide that a municipality may refuse to adopt a proposed planning module because it is not consistent with its official sewage plan. 25 Pa.Code § 71.53(f). While a municipality may refuse to adopt an inconsistent planning module, a landowner can still have its planning module adopted upon a showing that the municipality's plan is *inadequate* to meet his needs.

Here, Herr filed a private request pursuant to section 5(b) of Act 537 requesting the department to order the township to adopt Herr's sewage facility planning module. Based upon its conclusion that the township's 1971 sewage plan providing for municipal sewer service was in effect, the department granted Herr's private request and directed the township to adopt Herr's planning module. The department had determined that Herr's planning module was *consistent* with the township's 1971 sewage plan and that the township improperly refused to implement it.

In its opinion and order sur petition for supersedeas, the board found that the township's 1992 sewage plan, which called for on lot disposal systems, was "deemed approved." As a result, the board concluded that the township could properly refuse to revise its sewage plan on the grounds that Herr's planning module was inconsistent with its new sewage plan. The board granted the township's petition for supersedeas stating that the department's order was issued without sufficient authority as it granted Herr's private request and ordered the township to adopt Herr's planning module on the basis of the 1971 sewage plan.

In response to the board's supersedeas opinion, the department withdrew its administrative order and denied Herr's private request since the township's 1992 sewage plan did not provide public sewer service to Herr's parcel. Upon withdrawal, the board dismissed the pending action as moot. Herr appealed the department's actions and argued, *inter alia,* that the department abused its discretion by not granting Herr's private request on the grounds that the 1992 sewage plan was inadequate to meet Herr's sewage disposal needs.

The board, in its decision issued March 7, 1995, affirming the departments denial of Herr's private request, concluded that the department did not abuse its discretion in conforming its conduct to be consistent with an interpretation of law articulated by the board. On appeal to this court, we reversed the board's decision and remanded the case to the board. Due to the broad scope of our remand order, the board was free to reexamine its prior determinations, including whether the department committed an abuse of discretion.

Upon reexamination, the board found that the department did not abuse its discretion in withdrawing its February 8, 1994 order due to the deemed approval of the 1992 sewage plan. However, the board found that

the department did abuse its discretion by denying Herr's private request and by failing to issue another order to the township to adopt Herr's planning module on the basis that the township's new sewage plan was *inadequate* to meet Herr's sewage disposal needs.

The board concluded that the department misinterpreted the board's supersedeas opinion to mean that the department was without any legal authority to grant a private request and to order a municipality to adopt a planning module where the planning module was inconsistent with its sewage plan. Such an interpretation directly contradicts the department's statutory duties as section 5(b) of Act 537 expressly authorizes the department to order a municipality to revise its official sewage plan where a landowner can show that the municipality's sewage plan is inadequate to meet the landowner's sewage disposal needs.

■ We, therefore, conclude that the board did not err in determining that the department committed an abuse of discretion.

## ISSUE 5

The department contends that the board erred in determining that the department abused its discretion by failing to issue a second administrative order granting Herr's private request when the board informed the department that it lacked legal authority to issue such orders. We disagree.

The department incorrectly interpreted the meaning and impact of the board's supersedeas opinion and as a result improperly denied Herr's private request. In the supersedeas opinion, the board stated that the department was without authority to order the township to implement a planning module on the basis that it was consistent with the township's 1971 sewage plan as the 1992 sewage plan was deemed approved. The board directed the department that it would need to review Herr's request under the township's 1992 sewage plan as opposed to its predecessor. The board, however, did not conclude that the department was without "authority" to grant a private request and to

order a municipality to adopt a planning module. As we have stated above, the department was authorized pursuant to section 5(b) of Act 537 to order the township to revise its official sewage plan upon a showing that the township's 1992 sewage plan is inadequate to meet the landowner's sewage disposal needs.

We, therefore, conclude that the board did not err in determining that the department committed an abuse of discretion.

## ISSUE 6

Finally, the department contends that the board abused its discretion by failing to grant reconsideration when its decision to grant summary judgment rested upon a legal ground not proposed or briefed by any of the parties. We disagree.

■ Reconsideration is within the discretion of the board and will be granted only for compelling and persuasive reasons. 25 Pa. Code § 1021.124. Since no such compelling and persuasive reasons were present, the board properly denied the requests for reconsideration in this matter.

For the reasons stated above, the order of the board is affirmed.

## ORDER

AND NOW, this 10th day of July, 1998, for the reasons set forth in the foregoing opinion, the order of the Environmental Hearing Board, dated June 16, 1997, at No. 94–098–MR and consolidated with No. 94–099–MR, is affirmed.