IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of Dogwood Drive, :
L.P. from the April 17, 2020 Decision :
of the Lower Makefield Township : No. 373 C.D. 2021
Board of Supervisors : Argued: November 18, 2021
            :
Appeal of: Dogwood Drive, L.P. :

BEFORE: HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE CHRISTINE FIZZANO CANNON, Judge
     HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER          FILED: April 29, 2022

  Appellant Dogwood Drive, L.P. (Dogwood) appeals from the Court of Common Pleas of Bucks County's (Common Pleas) March 24, 2021 order, which affirmed Appellee Lower Makefield Township (Township) Board of Supervisors' (Board) April 17, 2020 denial of Dogwood's final subdivision and land development plan application (Final Application) for a residentially zoned, 14.7377-acre parcel of land in the Township (Property). This denial was prompted by Dogwood's refusal to comply with the Township's subdivision and land development ordinance (SALDO) by either agreeing to plant a large number of trees to replace those that would be removed as a result of the Property's development or, in lieu of replacing the removed trees, deposit hundreds of thousands of dollars into the Township's replacement tree capital account. After thorough review, we vacate Common Pleas' order and remand with instructions that it dismiss Dogwood's appeal to that court for lack of jurisdiction, due to the untimeliness of that appeal.

# I. Background

On May 18, 2017, Dogwood submitted a revised preliminary subdivision and land development plan application (Revised Preliminary Application) to the Township, through which it detailed its proposal for building five single-family homes on the Property. *See* Reproduced Record (R.R.) at 82a-111a. The Revised Preliminary Application indicated that Dogwood intended to remove 277 existing trees from the Property and would replace 66 of those trees with new ones on-site. *Id.* at 111a. The Board considered the Revised Preliminary Application at a public hearing on July 19, 2017, and then granted conditional approval on September 19, 2017;[1] of relevance to this appeal, one of these conditions was that the question of whether Dogwood's development proposal complied with the Township's tree protection standards ordinance (Protection Ordinance) would be deferred until Dogwood submitted its final subdivision and land development plan (Final Plan) for review. *Id.* at 19a-21a.

This Protection Ordinance provides, in relevant part:

> (1) No tree shown to remain on an approved subdivision or land development plan shall be removed without prior Township approval unless it is the cause of immediate danger to life or property.
>
> (2) No tree shown to remain on an approved subdivision or land development plan other than that which is the cause of immediate danger to life or property shall be removed without Township approval based upon a determination that any of the following considerations exist:
>
>> (a) Affliction by a disease which threatens injury or destruction of other trees.

---

[1] The letter informing Dogwood of this approval was not sent until December 11, 2017. R.R. at 19a.

(b) Federal, state or Township laws, ordinances or regulations superseding this chapter require removal.

(c) The tree has been substantially damaged or has died.

(3) In the event that a tree over three-inches caliper which is shown on an approved plan to remain and which must be removed in accordance with Subsection H(1) or (2) above, such tree shall be replaced with a tree a minimum of three inches in caliper of the same species or as approved by the Township at a rate of one new tree for every tree removed.

(4) Replacement sizes; alternatives.

(a) Trees of 10 inches caliper or more which are proposed to be removed during any stage of development, grading and/or construction within a subdivision or land development shall be replaced with an approved tree or trees of the type provided for in this chapter. Said replacement trees shall meet the following size limitations:

[1] Trees with a diameter of 10 inches or more but less than 18 inches which are removed shall each be replaced with no less than four trees measuring 2 1/2 to three inches in caliper.

[2] Trees with a diameter of 18 inches or more but less than 30 inches which are removed shall each be replaced with no less than seven trees measuring 2 1/2 to three inches in caliper. Trees with a diameter of 30 inches or more which are removed shall each be replaced with no less than 10 trees measuring 2 1/2 to three inches in caliper.

[3] Trees with a diameter of 30 inches or more which are removed shall each be replaced with no less than 10 trees measuring 2 1/2 to three inches in caliper.

SALDO § 178-85.H.(1)-(4)(a)[3]. The Protection Ordinance also allows an applicant, at its discretion, to make a payment into the Township's replacement tree

3

capital account (Tree Account) in lieu of planting replacement trees on-site; such funds are earmarked by the Township for funding the planting of trees elsewhere in the municipality. *See id.* at § 178-85.H.(4)(d).[2]

Dogwood subsequently submitted its Final Application to the Township on November 13, 2017. R.R. at 31a-55a. Therein, it stated that it intended to remove 279 trees from the Property in furtherance of its desired development and would plant 66 new trees on-site. *Id.* at 52a. The Board then convened a public hearing on April 15, 2020, at which it considered the Final Application. During the course of this hearing, Dogwood's counsel stated that it would not agree to comply with the Protection Ordinance by either planting the necessary number of additional replacement trees on-site, which the Township had determined was 1,190, or by paying the necessary amount in lieu of doing so into the Tree Account, which the

---

[2] This subsection states, in relevant part:

> [1] A replacement tree capital account ("tree bank") will be established by the Township where fees in lieu of on-site improvement shall be deposited. These funds shall be used for the purpose of planting replacement trees at approved locations in the Township.
>
> [2] The contribution by the developer to the tree bank will be $315 per replacement tree. Three years after adoption of this subsection, and every three years thereafter, the contribution per replacement tree will be adjusted to reflect the compounded annual changes in the All Urban Consumers Price Index (CPI-U) as reported by the U.S. Bureau of Labor Statistics. Any increase in the amount of the tree bank contribution shall be memorialized by the approval of a resolution by the Board . . . .
>
> [3] The contribution to the tree bank will be due at the time of the final execution of the development agreement with the Township.

SALDO § 178-85.H.(4)(d)[1]-[3].

Township had calculated as $381,780.[3] *Id.* at 2a, 5a-9a. As a consequence of this refusal, the Board unanimously denied Dogwood's Final Application. *Id.* at 11a. The Township's solicitor formally notified Dogwood of this denial through an emailed letter on April 17, 2020. *See* Dogwood's Br., App. A.

Dogwood responded by appealing the Board's decision to Common Pleas on June 3, 2020. Common Pleas took no additional evidence and, on March 24, 2021, affirmed the Board in full. *See id.*, App. B. Dogwood's appeal to our Court of Common Pleas' order then followed.

## II. Discussion

Under normal circumstances, we would now review and analyze Dogwood's substantive appellate arguments. However, we are without jurisdiction to do so, due to Dogwood's failure to appeal the Board's denial of its Final Application to Common Pleas in a timely way. Pursuant to Section 752 of the Local Agency Law, "[a]ny person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." 2 Pa. C.S. § 752. Accordingly, "an appeal from a tribunal or other government unit[, *e.g.*, a local agency,] to a court . . . must be commenced within 30 days after the entry of the order from which the appeal is

---

[3] Both the replacement tree number and the required payment figure reflected the Township Environmental Advisory Council's (EAC) determination that, per the terms of the Protection Ordinance, Dogwood was required to replace 1,278 trees in total, as well as the EAC's recommendation that Dogwood should receive credit for 88 replacement trees that were going to be planted in the proposed development (66 on-site and 22 at various points along the development's streets). *See* R.R. at 2a-3a, 5a, 16a. Neither of these calculations, however, reflected the EAC's suggestion that the figures be reduced to reflect the amount of sickly ash trees that were on the Property, the precise number of which the EAC suggested could be verified by the Township engineer's arborist. *Id.* at 16a.

taken, in the case of an interlocutory or final order." 42 Pa. C.S. § 5571(b).[4] The

Board is undoubtedly a local agency and challenges to its decisions are thus

governed by the Local Agency Law. *See Consumer Inv. Fund v. Supervisors of*

*Smithfield Twp.*, 532 A.2d 543, 546 (Pa. Cmwlth. 1987). Therefore, as the Board

issued its formal denial via email on April 17, 2020, Dogwood needed to comply

with the Local Agency Law's appeal requirements in order to preserve its ability to

challenge that denial. Given this, Dogwood had until May 18, 2020, to appeal that

denial to Common Pleas and stood to forfeit its appellate rights in the event it failed

to do so.[5] As Dogwood did not appeal the Board's denial to Common Pleas until

June 3, 2020, that appeal was clearly untimely and should have been quashed by the

lower tribunal on its own initiative, due to lack of jurisdiction. *See City of*

*Philadelphia v. Frempong*, 865 A.2d 314, 317 (Pa. Cmwlth. 2005) (internal citation

---

[4] There are a handful of exceptions to this rule that are enumerated in 42 Pa. C.S. § 5571(c) and 42 Pa. C.S. § 5571.1, none of which are applicable to this matter.

[5] As the 30th day of the appeal window fell on May 17, 2020, a Sunday, Dogwood had until the end of the following day to file its appeal. *See* 1 Pa. C.S. § 1908. Furthermore, though May 18, 2020, was within the time period affected by the then-active statewide COVID-19 judicial emergency, there were no concomitant orders relieving Dogwood of its obligation to appeal the Board's denial by that date. *See In Re: General Statewide Judicial Emergency*, Emergency Order of Statewide Judicial Administration Applicable from May 1, 2020, Through June 1, 2020 (Pa., Nos. 531 and 532 Jud. Admin. Docket 2020, filed Apr. 28, 2020), at 5, available at https://www.pacourts.us/Storage/media/pdfs/20210510/223934-file-9158.pdf (last order issued by Supreme Court during COVID-19 judicial emergency that impacted filing deadlines, which suspended those deadlines through May 8, 2020); *In Re: Extension of Judicial Emergency for All Courts of the Seventh Judicial District Due to Exigent Circumstances Created by COVID-19*, Emergency Order No. 2020-13.1 (Pa. Ct. Common Pleas, Bucks Cnty., No. 43 MM 2020, filed Apr. 30, 2020), at 1, available at https://www.buckscounty.gov/DocumentCenter/View/2514/Emergency-Order-131-PDF (last order issued by Common Pleas during COVID-19 judicial emergency that affected filing deadlines, which suspended those deadlines through May 8, 2020); *see also In Re: General Statewide Judicial Emergency*, Cessation of Statewide Judicial Emergency After June 1, 2020 (Pa., Nos. 531 and 532 Jud. Admin. Docket 2020, filed May 27, 2020), at 5, available at https://www.pacourts.us/Storage/media/pdfs/20210510/224144-file-9376.pdf (Supreme Court order ending statewide COVID-19 judicial emergency effective June 1, 2020).

omitted) ("The timeliness of an appeal is jurisdictional, and the issue of timeliness may be raised by any party, even by the Court on its own motion, at any stage of the proceedings. . . . An untimely appeal must be quashed absent a showing of fraud or a breakdown in the court's operation.").

### III. Conclusion

Consequently, we vacate Common Pleas' March 24, 2021 order and remand this matter to that court, with instructions that it dismiss Dogwood's appeal to Common Pleas for lack of jurisdiction, due to the untimeliness of that appeal.

_____
ELLEN CEISLER, Judge

Judge Covey did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of Dogwood Drive, :
L.P. from the April 17, 2020 Decision :
of the Lower Makefield Township : No. 373 C.D. 2021
Board of Supervisors :
:
Appeal of: Dogwood Drive, L.P. :

# **O R D E R**

AND NOW, this 29th day of April, 2022, it is hereby ORDERED that the Court of Common Pleas of Bucks County's (Common Pleas) March 24, 2021 order is VACATED. It is FURTHER ORDERED that this matter is REMANDED to Common Pleas, with instructions that it dismiss Appellant Dogwood Drive, L.P.'s June 3, 2020 appeal to Common Pleas, which pertained to Appellee Lower Makefield Township Board of Supervisors' April 17, 2020 denial of Dogwood's final subdivision and land development plan application, due to the untimeliness of that appeal and Common Pleas' consequent lack of jurisdiction.

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge